Appeal of WEMPLE STATE BANK.            Docket No. 615.

> The cost of a machine which has a useful life of as long as five years is a capital expenditure and is not deductible as an ordinary and necessary expense.

Submitted January 12, 1925; decided January 28, 1925.

*William L. Wemple, Esq.*, for the taxpayer.
*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

This appeal involves income taxes for the calendar year 1919 and was submitted upon an agreed statement of facts. The question presented is whether the taxpayer is entitled to deduct as an ordinary and necessary expense the cost of a posting machine purchased during the year.

#### FINDINGS OF FACT.

The taxpayer during the year 1919 purchased a "posting machine" for use in making up individual depositors' accounts in the bank, paying therefor $815.70. It was manufactured by the Burroughs Adding Machine Co. and was similar in appearance to an ordinary adding machine, but was so constructed that it could type a debit and a credit column on the same sheet and strike a balance.

It was stated by the manufacturer to the taxpayer that after five years' use the upkeep of the machine would be so great that it would become more economical for the user to trade it in for a new one, in which case the company would allow about $150 for the machine in trade.

#### DECISION.

'The determination by the Commissioner of a deficiency in the amount of $252.24 is approved.

---

Appeal of FREDERICK H. BUTTS            Docket No. 295.
        ESTATE.

Submitted January 8, 1925; decided January 28, 1925.

*Clarence L. Newton, Esq.*, for the taxpayer.
*J. A. Adams, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

The Commissioner found a deficiency in income taxes for the years 1919 to 1922, inclusive, from which appeal was taken. By negotiation between counsel for the parties the issues were narrowed down to

the question of whether a certain item of $602.36 was repaid twice to the taxpayer, as contended by the Commissioner. At the hearing the Commissioner produced certified photostat copies of refund checks showing that the said item had been repaid twice.

### FINDINGS OF FACT.

The item of $602.36 in controversy was repaid by the Treasury Department to Frederick H. Butts on February 13, 1923, and again on March 3, 1923.

### DECISION.

Final determination will be settled on consent or on seven days' notice, in accordance with Rule 50.

---

**Appeal of HENRY BIRN.**                      Docket No. 610.

Submitted January 20, 1925; decided January 28, 1925.

Henry Birn, the taxpayer, in his own behalf.

*W. Frank Gibbs, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

### FINDINGS OF FACT.

During 1918 and 1919 the taxpayer was a member of the partnership of Henry Birn & Sons, the other partner being Jesse H. Birn. The taxpayer's income-tax returns carried the business of the partnership as if it were his individual business, the distributive share of profits of Jesse H. Birn being treated as salary. The taxpayer's returns showed the details of the business as required by the return blanks and indicated net income for 1918 of $2,742.74 and a net loss for 1919 of $9,732.73. A revenue agent examined the taxpayer's books in 1924, but at that time the general ledger had been destroyed, although the other books were extant and were examined by the revenue agent. The revenue agent prepared amended returns under the provisions of R. S. 3176, which the taxpayer refused to sign, and in which he computed net income by applying a ratio to gross sales. In the light of these amended returns the Commissioner determined a deficiency in tax against the taxpayer for 1918 of $261.38, and for 1919 of $277.59, from which the taxpayer appealed to this Board.

### DECISION.

The deficiency determined by the Commissioner is disallowed.